**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JAMAR JOHNSON,

  Defendant - Appellant.

No. 24-6506

D.C. No.
1:20-cr-00097-JLT-SKO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Judge Jennifer L. Thurston, District Judge, Presiding

Submitted August 20, 2025[**]
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Jamar Johnson (Johnson) appeals the 120-month sentence imposed for his

conviction pursuant to 18 U.S.C. § 922(g)(1).  Johnson argues that his sentence is

substantively unreasonable.  Because the parties are familiar with the facts, we do

not recount them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 3742. We review all sentencing decisions under a deferential abuse of discretion standard, first analyzing whether there was significant procedural error and then considering whether the sentence was substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We affirm.

1. The district court did not err when it varied upward pursuant to U.S.S.G. § 5K2.6, which provides that a district court may vary upward from a guidelines range "[i]f a weapon or dangerous instrumentality was used or possessed in the commission of the offense." The record included video evidence capturing Johnson firing a weapon in a shooting that took place in a gas station parking lot. The record shows that he possessed and discharged a firearm during the course of the conduct that was the basis for his conviction.

2. The district court properly considered all of the 18 U.S.C. § 3553(a) factors. During the instant offense, Johnson initially fired his weapon in self-defense, but he continued to shoot at the assailants after they began to flee, endangering people around him. Further, the record shows that Johnson chased after his assailants when he left the parking lot, rather than taking the opportunity to leave in the opposite direction. Johnson has multiple convictions for firearms-related offenses, including the unlicensed sale of firearms and a state felony concealed weapon charge related to another gang-related shooting. He also has a history of shooting at, or in the direction of, people. The district court considered

Johnson's age and positive contributions to his community but weighed these factors against his repeated weapons-related offenses and the fact that his prior terms of incarceration did not deter him. The district court reasonably concluded that a greater sentence was warranted to deter Johnson and protect public safety in light of his criminal history and the severity of his conduct. On these facts, the district court did not abuse its discretion when it imposed a statutory maximum sentence. *See United States v. Fitch*, 659 F.3d 788, 798–99 (9th Cir. 2011).

**AFFIRMED.**